## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG WILLIAMS, #R28131,** <br> a/k/a **Jayniah Monroe,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **WARDEN, Pontiac Correctional Center,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-1805-NJR <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff Craig Williams, whose chosen name is Jayniah Monroe, is a transgender inmate at Pontiac Correctional Center ("Pontiac"). She initiated this action on August 9, 2022, by submitting a document she titled "Emergency Letter to Judge" (Sealed Doc. [1]), which recited alleged discrimination and sexual abuse she suffered in other prisons, expressed fears for her safety at Pontiac, and described denials of gender-affirming clothing and improper administration of prescription medication. She requested a transfer to Logan Correctional Center or an out-of-state prison.

It was unclear from Monroe's responses to the electronic filing cover sheet questions (Doc. 1, p. 4) whether she wanted to file a new lawsuit or have her letter filed in the pending class action where she is a class member, *Monroe v. Rauner*, Case No. 18-cv-156-NJR (S.D. Ill.).[1] Further, the letter is not sufficient to serve as a Complaint to bring a new civil action. *See* FED.

---

[1] Plaintiff's name is similar to the lead named Plaintiff in *Monroe v. Rauner* (Janiah Monroe), but they are two different individuals.

1

R. CIV. P. 3 and Advisory Committee Notes, 1937 Adoption (a complaint is required to commence a civil action).

The Court therefore ordered Monroe to either file a Complaint by September 1, 2022, if she wanted to pursue a new lawsuit, or alternatively to notify the Court if she instead wanted her letter to be filed in Case No. 18-cv-156-NJR. (Doc. 5). Monroe was informed that if she did not respond to this Order by the September 1 deadline, this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Monroe has failed to respond in any way to the Court's Order, and her deadline to do so has long passed.

**IT IS THEREFORE ORDERED** that this entire action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). All pending motions are **DENIED as moot**.

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

The Court does not count this dismissal as one of Monroe's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Further, in accordance with the Order at Doc. 5, no filing fee is assessed for this case.

**IT IS SO ORDERED.**

DATED: September 30, 2022

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**